[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff landlord is suing the defendants for one month's rent and damages for the premises. The defendants counterclaimed for return of their security deposit and violation of C.G.S. § 47a-21 (d)(2) by the plaintiff.
The lease was from October 29, 1997 to October 31, 1998. The lease was automatically renewed on a month-to-month basis thereafter and was to terminate upon either party giving the other notice to terminate prior to the end of the current lease term. Julie Keefe, defendant, testified that she told Mrs. Olsen, the plaintiff's wife, in May or June that they would leave the premises in July. In fact, the defendants left the premises on July 11, 1999. There was no written notice as required by the lease. Thus, the plaintiff is entitled to retain the $575.00 security payment.
The plaintiff submitted evidence of damage to the bathroom, the tub, carpets, blinds and the stove and refrigerator. He claims to have incurred damages to repair or replace these items. The defendants testified that some of the problems existed before they moved in and that the stove, refrigerator and tub needed cleaning, not replacement as claimed by the plaintiff.
Specifically, the plaintiff claimed the stove was so filthy it needed replacement as did the refrigerator. The stove was over 12 years old. The defendants claim all they needed was cleaning. No estimate or repair bill was submitted as to the cost to clean these items. The court finds the plaintiff failed to meet his burden of proof that replacement was required. There was a claim submitted for damage to the bathroom and the plaintiffs estimate of the cost to replace the tub and floor due to tub removal. However, no bills were produces, nor was there proof that any bills were paid. There was a paid bill in the amount of $79.50 for a piece of vinyl only. Also submitted was a bill for $183.39 to replace damaged blinds. There was a bill for a new tub, but there was no evidence that the defendants caused such damage as to require its replacement. They claimed there was damage to the tub when they moved into the premises and did not cause further damage.
Accordingly, the court awards the plaintiff the security deposit, the cost of the vinyl and the cost to replace the blinds for a total of $837. 89. Since there was no evidence of attorneys fees, other than a statement of counsel, the court awards no attorney's fees. The CT Page 6048 defendants' counterclaim is denied.
Judgment for the plaintiff in the amount of $837.89.
D. Michael Hurley, Judge Trial Referee